## IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | | |
|---|---|---|
| **SHELBY ELLEBRACHT**, *individually and on behalf of all others similarly situated*, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 20-00361-CV-W-BP |
| v. | ) ) | **CLASS ACTION COMPLAINT** |
| **WALMART INC.,** | ) ) | **JURY TRIAL DEMANDED** |
| **CL PRODUCTS INTERNATIONAL, LLC**, Serve At: 10521 Millington Court, Suite B Cincinnati, OH 45242 | ) ) ) ) ) | |
| **CANDLE-LITE COMPANY, LLC**, *and* Serve At: 10521 Millington Court, Suite B Cincinnati, OH 45242 | ) ) ) ) ) | |
| **LUMINEX HOME DÉCOR AND FRAGRANCE COMPANY,** Serve Registered Agent: Corporate Creations Network, Inc. 119 E. Court Street Cincinnati, OH 45202 | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff, Shelby Ellebracht, individually and on behalf of all others similarly situated, and for her First Amended Class Action Complaint against Defendants Walmart Inc. ("Walmart"), CL Products International, LLC ("CL"), Candle-Lite Company, LLC ("Candle-Lite") and Luminex Home Décor and Fragrance Company ("Luminex"), states and alleges as follows:

**INTRODUCTION**

1.      Plaintiff brings this action to address a serious safety-related defect in the design and manufacture of Defendants' Mainstays candles. Specifically, the candles are becoming engulfed in flames and/or exploding.

2.      For at least several years, Defendants have received information indicating purchasers of Mainstays candles have experienced excessive flames, flames that cannot be blown out or extinguished, flammable wax, and candles that explode while burning.  These dangerous Mainstays candles have caused scorching or smoke damage to ceilings and the explosions have created a shower of glass, melted wax, and/or burning wax.  As a result, purchasers have been damaged.

3.      Defendants knew or should have known of these problems and the dangerous conditions of these candles, yet failed to inform purchasers of the dangers of the candles and instead sold the Mainstays products and candles as suitable and safe for use to burn in households and around people.

4.      Plaintiff seeks to certify this case as a class action, and to recover damages and equitable relief, including restitution and injunctive relief.

**PARTIES**

5.      Plaintiff Shelby Ellebracht is a resident of Jackson County, Missouri.

6.      Defendant Walmart Inc. ("Walmart") is a corporation organized to do business under the laws of the state of Arkansas and registered to do business in the state of Missouri. Defendant's principal place of business is at 708 SW 8th Street, Bentonville, Arkansas 72716.

7. Defendant CL Products International, LLC ("CL Products") is a limited liability company organized and existing under the laws of the state of Illinois, with is principal place of business in Cincinnati, Ohio. Upon information and belief, none of CL Products' members are citizens of the state of Missouri.

8. Defendant CL Products may be served at its principal place of business, 10521 Millington Court, Suite B, Cincinnati, Ohio, 45242.

9. Defendant Candle-Lite Company, LLC ("Candle-Lite") is a limited liability company organized and existing under the laws of the state of Illinois, with is principal place of business in Cincinnati, Ohio. Upon information and belief, none of Candle-Lite's members are citizens of the state of Missouri.

10. Defendant Candle-Lite may be served at its principal place of business, 10521 Millington Court, Suite B, Cincinnati, Ohio, 45242.

11. Defendant Luminex Home Décor and Fragrance Company, LLC ("Luminex") is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business in Cincinnati, Ohio. Upon information and belief, none of Luminex's members are citizens of the state of Missouri.

12. Defendant Luminex may be served through its registered agent, Corporate Creations Network, Inc., 119 E. Court Street, Cincinnati, Ohio, 45202.

13. Venue is appropriate in the United States District Court for the Western District of Missouri, because Defendants' false representations, misleading practices and unjust enrichment occurred in this District and elsewhere throughout the United States. Furthermore, Plaintiff purchased Defendants' products in this District and was first injured in this District.

14.    The United States District Court for the Western District of Missouri has personal jurisdiction over Defendants because they transact business in Missouri, with their various advertising methods and product sales directed toward Missouri residents.  Additionally, Plaintiff purchased the products at issue in Missouri.

15.    Federal jurisdiction is appropriate under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because at least one Class Member and Sub-Class Member is a citizen of a State different from any Defendant, there are more than 100 Class and Sub-Class Members, and the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

## ALLEGATIONS COMMON TO ALL COUNTS

16.    Defendant Walmart is in the business of selling and advertising for sale certain merchandise or retail products in trade or commerce through Missouri and the United States.

17.    Defendant Walmart has advertised and sold Mainstays-branded candles to consumers and other purchasers throughout Missouri and the United States.

18.    Defendants CL Products, Candle-Lite and Luminex are, and/or at all relevant times were, in the business of manufacturing certain merchandise or retail products, including Mainstays candles, which are to be sold in trade or commerce at retail stores throughout Missouri and the United States.

19.    Mainstays is a Walmart house brand.

20.    During some or all of the time period from 2015 to the present, Defendants CL Products, Candle-Lite, and Luminex manufactured, sold and advertised Mainstays candles for sale by Defendant Walmart.  Mainstays candles are manufactured by Defendants CL Products, Candle-Lite and Luminex exclusively for Walmart and its subsidiaries.

21.     During some or all of the time period from 2015 to the present, Mainstays candles were sold by Defendant Walmart throughout Missouri and the United States as candles that were safe for use.

22.     At all relevant times, Mainstays candles contained labeling on the front of the candles, similar to the following:



23.     At all relevant times, Mainstays candles contained labeling on the bottom of the candles, similar to the following:



24.     Defendants' Mainstays candles did not contain any information or warning about excessive flames, flames that cannot be blown out or extinguished, flammable wax, candles that explode while burning or other defects and dangers.  By labeling and selling Mainstays candles in this manner, Defendants sought to create, and did create, an image of the candles that would lead a reasonable consumer to believe Defendants' Mainstays candles were completely safe for use.

25.     Defendants' product labeling, advertising and marketing of their Mainstays candles were material to a reasonable consumer.

26.     At the time of Defendants' labeling, advertisements, marketing and other representations, and as Defendants already knew or should have known, the candles were dangerous, lacking adequate warnings, and contained representations and omissions that were false, deceptive and misleading to consumers seeking to purchase the candles.

### Plaintiff's Experience With Mainstays Candle

27.     On or about February 1, 2018, Plaintiff purchased a Mainstays-branded candle from Defendant Walmart's store located at 600 NE Coronado Drive, Blue Springs, Missouri 64014, for use at her home.

28.     On or about February 12, 2018, Plaintiff lit her Mainstays candle for the first time.

29.     Plaintiff burned the Mainstays candle on the bathroom counter near a sink in her home.  The candle was not touching or adjacent to anything except the level surface of the counter upon which it sat.  There were no objects or loose materials above or near the candle.  There were no open windows or appreciable drafts in the bathroom.  The water in the sink was not running and the faucet was not dripping.

30.     After burning for an estimated one hour or less, the candle became engulfed in high flames.  The flames were not restricted to the wick and appeared to involve the entire exposed surface area of the candle wax.

31.     The flames from the candle were high enough and hot enough to blacken the ceiling after a very short period of time.  Fearing that the flames would start a house fire, Plaintiff pushed the candle across the counter and into the bathroom sink.

32.     When the candle went into the sink, it exploded.  Flaming wax splattered all over the bathroom and onto Plaintiff.

33.     As a direct and proximate result of this occurrence, Plaintiff was injured and damaged, including but not limited to, the following:

(a)     A second-degree burn on her right thigh, which required emergency medical treatment and additional treatment after the burn became infected;

(b)     Permanent scarring and disfigurement from the right thigh burn;

(c)     Loss of sensation around the burned area;

(d)     Photosensitivity of the scar tissue, which forces Plaintiff to keep it covered and interferes with her enjoyment of recreational activities, particularly boating and swimming;

(e)     Pain, embarrassment, and emotional distress;

(f)     Lost time from work and school while Plaintiff was unable to walk;

(g)     Cost of medical treatment;

(h)     Damage to Plaintiff's bathroom; and

(i)     The amount paid for the subject candle.

34.     Defendants had notice at least as early as March 2016 of other incidents in which Mainstays candles caused similar injuries and/or damages.

35.     Prior to Plaintiff's injury, customers filed claims with Defendants for similar injuries and/or damages which the customers alleged to have been caused by Mainstays candles.

36.     Prior to Plaintiff's injury, multiple customers called Defendant Walmart's customer service telephone hotline and/or posted on Walmart's Facebook page regarding dangerous experiences that they had with Mainstays candles.  Customers described candles with flames several feet high that could not be blown out; candles in which all the wax was liquified and aflame; candles causing scorching or smoke damage to ceilings; and candles exploding while burning, creating a shower of glass, melted wax, and/or burning wax.  On information and belief, Defendants CL Products, Candle-Lite and Luminex were informed of or aware of these reports.

37.     Since Plaintiff's injury, additional customers have reported similar incidents.

38.     As of the filing of this First Amended Class Action Complaint, Defendants continue to manufacture and sell Mainstay candles.  Further, Defendants have not warned their customers of the defect or instructed purchasers on how to handle situations in which the candles become engulfed in flames and/or explode.  Defendants have failed to disclose the existence of this defect to Plaintiff and other customers and purchasers, have failed to recall the defective candles, and have failed to reimburse Plaintiff and other purchasers for the cost of purchasing the defective candles and/or the injuries and damages they suffered as a result of Defendants' conduct.

39.     This action is brought by Plaintiff against Defendants to recover all money paid by Plaintiff and Class Members to Defendants for purchase of the Mainstays candles, for recovery of other damage caused to Plaintiff and the Class Members by the Mainstays candles, for punitive

damages, attorneys' fees, costs, and for all other remedies available to those aggrieved by Defendants' conduct.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff, in accordance with, and pursuant to, Rule 23 of the Federal Rules of Civil Procedure, brings this action on behalf of herself and on behalf a Nationwide Class of similarly-situated individuals, defined as follows:

All persons and other entities who purchased Mainstays-branded candles from Defendant Walmart Inc. or its subsidiaries in the United States on or after March 15, 2015, OR who suffered property damage and/or personal injury caused by Mainstays candles purchased from Defendant Walmart Inc. or its subsidiaries in the United States on or after March 15, 2015, AND who meet the definition of one or more of the following subclasses:

    (a)    *Subclass I: Persons or other entities in the Class who purchased one or more Mainstays-branded candles from Defendant Walmart Inc. or its subsidiaries in the United States for personal or household purposes on or after March 15, 2015;*

    (b)    *Subclass II: Persons in the Class who suffered property damage as a result of a fire, high flames, candle flashover, and/or explosion attributed to the candle, whether or not the person suffering the damage was the purchaser of the candle.*

    (c)    *Subclass III: Persons in the Class who were injured as a result of a fire, high flame, candle flashover, and/or explosion attributed to*

9

> *the candle, whether or not the injured person was the purchaser of the candle.*

41. <u>Class Period</u>:  The Class period is March 15, 2015 through present.

42. <u>Exclusions</u>:   Excluded from the Class are:

   (a)   Any judge presiding over this action and the family members of any judge presiding over this action;

   (b)   Defendants, their subsidiaries, parents, successors, predecessors, any other entity in which Defendants or their parents have a controlling interest, and current or former offices and directors of Defendants, their subsidiaries, parents, successors, predecessors, any other entity in which Defendants or their parents have a controlling interest;

   (c)   Employees who have or had a managerial responsibility on behalf of Defendants, whose act or omission in connection with this matter may be imputed to Defendants for purposes of civil or criminal liability, or whose statement may constitute an admission on the part of Defendants;

   (d)   Persons who properly execute and file a timely request for exclusion from the Class;

   (e)   The attorneys working on Plaintiff's claims; and

   (f)   Legal representatives, successors, or assigns of any such excluded persons.

43.     Numerosity: Upon information and belief, the Class Members include thousands of individuals, making their individual joinder herein impracticable.  Although Plaintiff does not know the precise number of Class Members, the total number of Class Members is not expected to greatly exceed the number of members of Subclass I, which is ascertainable using Defendants' records of candle sales.  Members of Subclasses II and III are expected to primarily consist of subsets of the members of Subclass I.  A relatively small number of non-purchasers who were injured or damaged by a candle purchased by another person are expected in Subclasses II and III, but the total number of Subclass II and III members is expected to roughly correlate to a subset of the total number of candles sold.  Class Members may be notified of the pendency of this action by mail, email and/or published notice.

44.     Typicality: Plaintiff is a member of Subclass I, Subclass II, and Subclass III.  Plaintiff's claims are typical of Subclass I because she paid for a defective Mainstays candle and suffered a corresponding loss in the amount of the purchase price.  Plaintiff's claims are typical of the members of Subclass II because the Mainstays candle she bought caused property damage from fire, heat, exploding glass and splattering wax when the candle burned too high and too hot, when the candle flashed over, and when the glass container exploded.  Plaintiff's claims are typical of the members of Subclass III because she suffered a burn injury when the candle burned too high and too hot, when the candle flashed over, and when the glass container exploded.

45.     Adequacy:  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent. Plaintiff has retained competent and experienced counsel, and Plaintiff intends to prosecute this action vigorously on behalf of the Class. The interest of Class Members will be treated fairly and adequately protected by Plaintiff and her counsel.

46.     <u>Predominance and Superiority</u>: This class action is appropriate for certification because common questions of fact and law, such as whether the candles were defective, and whether Plaintiff and other Class Members were adequately warned, predominate over questions specific to individuals, such as damages.  This class action is appropriate for certification because class proceedings are superior to all over available methods for the fair and efficient adjudication of this controversy and joinder of all Class Members is impracticable. The damages suffered by most of the individual Class Members will likely be small relative to the burden and expense of individual prosecution of the complex litigation required to obtain recovery for the damages they sustained, and, in many cases, outweigh it altogether.  This makes it impractical and virtually impossible for the Class Members to obtain effective relief through individual suits.

47.     Even if Class Members were able to individually sustain such litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this First Amended Complaint. A class action is preferable because it presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered, and uniformity of decisions will be ensured.

48.     <u>Commonality</u>: Common questions of law and fact exist as to all Class Members and predominate over any questions affecting only individual members. Such questions include, but are not limited to:

(a)     Whether Mainstays-branded candles sold by Defendants to Plaintiff and other Class Members were defective as designed;

(b)    Whether Mainstays-branded candles sold by Defendants to Plaintiff and other Class Members were defective as manufactured;

(c)    Whether Mainstays-branded candles sold by Defendants to Plaintiff and other Class Members were negligently designed;

(d)    Whether Mainstays-branded candles sold by Defendants to Plaintiff and other Class Members were negligently manufactured;

(e)    Whether Mainstays-branded candles sold by Defendants to Plaintiff and other Class Members were negligently sold;

(f)    Whether Mainstays-branded candles sold by Defendants to Plaintiff and other Class Members were accompanied by adequate warnings;

(g)    Whether Mainstays-branded candles sold by Defendants to Plaintiff and other Class Members were accompanied by adequate instructions;

(h)    Whether Defendants had notice that the Mainstays-branded candles they sold to Plaintiff and other Class Members were defective;

(i)    Whether Defendants were negligent by failing to recall the candles, discontinue selling the candles, or take other remedial action after they learned the candles were involved in fires, explosions, injuries and property damage that should not have resulted from ordinary use of the candles;

(j)    Whether Defendants' conduct relative to the production and sale of the candles constituted a deceptive or unfair practice within the scope of states' consumer protection acts;

(k)     Whether, and to what extent, Plaintiff and other Class Members have sustained damages as a result of Defendants' conduct alleged herein; and

(l)     Whether Defendants' conduct merits the award of punitive damages.

## COUNT I - NEGLIGENCE

49.     Plaintiff incorporates the above and foregoing paragraphs in her First Amended Class Action Complaint by reference as though fully set forth herein.

50.     Defendants knew, or by exercise of reasonable care, should have known that Mainstays candles sold to Plaintiff and other Class Members were dangerous when used in an ordinary manner.

51.     Defendants had no reason to believe that Plaintiff or other Class Members would realize that the candles were dangerous.

52.     Defendants owed Plaintiff and other Class Members a duty of care.

53.     Defendants' duty of care to Plaintiff and other Class Members included, but was not limited to, the following:

(a)     A duty to refrain, in the course of selling Mainstays candles, from actions and omissions that would cause a reasonably foreseeable risk of harm to Plaintiff and other Class Members;

(b)     A duty to refrain, in the course of marketing Mainstays candles, from actions and omissions that would cause a reasonably foreseeable risk of harm to Plaintiff and other Class Members;

(c)     A duty to refrain, the course of causing and ordering the production of Mainstays candles, from actions and omissions would cause a reasonably foreseeable risk of harm to Plaintiff and other Class Members;

(d)     A duty to take reasonable steps to mitigate reasonably foreseeable risk of harm to Plaintiff and other Class Members caused by the use of candles Defendant sold, marketed, and ordered to be manufactured;

(e)     A duty to adequately warn Plaintiff and other Class Members of the reasonably foreseeable risks of harm from the use of Mainstays candles they sold and marketed;

(f)     A duty to utilize adequate testing and institute other controls to ensure Mainstays candles were safe for ordinary use; and

(g)     A duty to supply Plaintiff and other Class Members with adequate instructions regarding the safe use of Mainstays candles they sold and marketed.

54.     Defendants breached their duty of care to Plaintiff and other Class Members, and were thereby negligent, through their acts and omissions, including but not limited to, the following:

(a)     Producing and selling candles without requiring reasonably safe specifications for the candles and their components when Defendants knew, or by exercise of reasonable care, should have

known, that injury to Plaintiff and other Class Members was reasonably likely to result from their failure to do so;

(b)    Producing and selling candles without requiring safety testing and adequate quality control when Defendants knew, or by exercise of reasonable care, should have known, that injury to Plaintiff and other Class Members was reasonably likely to result from their failure to do so;

(c)    Manufacturing and selling candles that Defendants knew, or by exercise or reasonable care, should have known, could not be burned without unreasonable risk of injury and property damage;

(d)    Continuing to manufacture and sell Mainstays-branded candles after Defendants received reports of the candles functioning unsafely, causing injury, causing property damage, burning out of control, flashing over, burning with excessively high flames, and/or exploding during use, when Defendants knew, or by exercise of reasonable care, should have known, that continuing to sell them was reasonably likely to result in injury to Plaintiff and other Class Members;

(e)    Failing to take any remedial or corrective action in response to reports of Mainstays candles functioning unsafely, causing injury, causing property damage, burning out of control, flashing over, burning with excessively high flames, and/or exploding during use, when Defendants knew, or by exercise of reasonable care, should

16

have known, that failing to do so was reasonably likely to result in injury to Plaintiff and other Class Members;

(f)    Manufacturing and selling Mainstays candles without adequate warning to Plaintiff and other Class Members about the risk of harm from burning the candles when Defendants knew, or by exercise of reasonable care, should have known, that injury to Plaintiff and other Class Members was reasonably likely to result from doing so;

(g)    Manufacturing and selling Mainstays candles without adequate warning to consumers about the risk of burning wax and/or explosions when Defendants knew, or by exercise of reasonable care, should have known, that injury to Plaintiff and other Class Members was reasonably likely to result from doing so;

(h)    Manufacturing and selling Mainstays candles without providing adequate safety instructions about how to safely extinguish a candle that began burning out of control, burning with high flames, or when the candle flashed over (the wax itself started burning,) when Defendants knew, or by exercise of reasonable care, should have known that, injury to Plaintiff and other Class Members was reasonably likely to result from doing so; and

(i)    Manufacturing and selling Mainstays candles without providing adequate safety instructions about how to recognize that a candle had become dangerous and how to respond when Defendants knew, or by exercise of reasonable care, should have known, that injury to

17

Plaintiff and other Class Members was reasonably likely to result from doing so.

55.     Defendants knew, or by exercise of reasonable care, should have known, that the aforesaid breaches of duty were reasonably likely to result in injury or damage to Plaintiff and other Class Members.

56.     As a direct and proximate result of Defendants' negligence, Plaintiff was injured and damaged as set forth above.

57.     As a direct and proximate result of Defendants' negligence, all members of Subclass I were damaged in the amount they paid for the candles they purchased from Defendants.

58.     As a direct and proximate result of Defendants' negligence, all members of Subclass II were damaged in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to such property damage.

59.     As a direct and proximate result of Defendants' negligence, all members of Subclass III sustained a personal injury and suffered damages in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

60.     By selling Mainstays candle to Plaintiff and other Class Members after Defendants received multiple complaints that the candles were dangerous, Defendants acted outrageously, recklessly and with willful disregard for the rights of others, and in a manner warranting punitive damages to punish Defendants' conduct and to deter similar future conduct by Defendants or others.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count I of this First Amended Class Action Complaint against Defendants for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendants and effectively discourage similar future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

## COUNT II - RES IPSA LOQUITUR
## (IN THE ALTERNATIVE TO COUNT I)

61.     Plaintiff incorporates the above and foregoing paragraphs in her First Amended Class Action Complaint by reference as though fully set forth herein.

62.     The incident in which Plaintiff was injured, as described in Paragraphs 27 through 33 of this First Amended Class Action Complaint, is an incident of the type that ordinarily occurs as a result of negligence by a manufacturer and/or seller.

63.     Excessively high flames, candle flashover (*i.e.*, the entire fuel pool burning), and exploding glass are not things that normally occur when a candle is burned in the ordinary manner.

64.     There is no reason that excessively high flames, candle flashover, and exploding glass could have resulted from burning a candle in the ordinary manner, without a negligent act or omission of Defendants.

65.     The incident described in Paragraphs 27 through 33 of this First Amended Class Action Complaint was caused by instrumentalities Defendants managed and had the right to control.

66.     Defendants managed or had the right to control the following instrumentalities that contributed to cause the incident described in Paragraphs 27 through 33 of this First Amended Class Action Complaint:

19

> (a)     Employees and agents of Defendants who created and communicated specifications to the factory for the manufacture of Mainstays candles;
>
> (b)     Employees and agents of Defendants who failed to take remedial or corrective action in response to reports of Mainstays candles functioning unsafely, causing injury, causing property damage, burning out of control, burning with high flames, and/or exploding during use; and
>
> (c)     The composition and design of the candle.

67.     Plaintiff did nothing to modify or alter the candle.

68.     After purchasing the candle, Plaintiff stored it in a clean, dry place. Plaintiff did nothing to misuse the candle or introduce any foreign material to the candle.

69.     After purchasing the candle and bringing it home from the store, the only things Plaintiff did to the candle prior to the incident described in Paragraphs 27 through 33 of this First Amended Class Action Complaint were to place the candle and light the wick, all in the ordinary manner.

70.     When the incident occurred, well over an inch of wax remained in the candle.

71.     Other members of Subclass II and Subclass III experienced incidents similar to the incident Plaintiff experienced.

72.     Defendants have superior knowledge and access to information about the cause of the incident that is the subject of this First Amended Class Action Complaint in at least the following respects:

> (a)     Defendants have superior knowledge of the requirements and specifications provided to the manufacturers of the candle;

(b)    Because Mainstays is a house brand manufactured exclusively for Walmart and its subsidiaries, Defendants have superior knowledge of, or have access to, the formula of the wax used in the candle, the material used for the wick, the composition and tolerances of the glass containing the candle;

(c)    Because Mainstays is a house brand manufactured exclusively for Walmart and its subsidiaries, Defendants have superior knowledge of, or access to, information about any testing or quality control measures implemented with respect to the production of the candle;

(d)    Defendants have superior knowledge of the process and considerations involved in product labeling, usage instructions, and safety warnings for the candle; and

(e)    Defendants have superior knowledge of the complaints and notifications of candles burning out of control or exploding that Defendants received prior to Plaintiff's injury.

73.    Defendants knew, or by exercise of reasonable care, should have known, that their negligence was reasonably likely to result in injury or damage to Plaintiff and other Class Members.

74.    As a direct and proximate result of Defendants' negligence, Plaintiff was injured and damaged as set forth in Paragraph 33 of this Class Action Complaint.

75.    As a direct and proximate result of Defendants' negligence, all members of Subclass I were damaged in the amount they paid for the candles they purchased from Defendants.

76.     As a direct and proximate result of Defendants' negligence, all members of Subclass II were damaged in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to such damage.

77.     As a direct and proximate result of Defendants' negligence, all members of Subclass III sustained a personal injury and suffered damages in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count II of this First Amended Class Action Complaint against Defendants for compensatory damages in an amount to be determined by a jury, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

## COUNT III - STRICT LIABILITY
## DEFECTIVE PRODUCT DESIGN AND MANUFACTURE

78.     Plaintiff incorporates the above and foregoing paragraphs in her First Amended Class Action Complaint by reference as though fully set forth herein.

79.     Defendants sold the Mainstays candles that are the subject of this First Amended Class Action Complaint in the course of their business.

80.     The candle was produced exclusively for Defendant Walmart and its subsidiaries.

81.     Defendants had the right to control and did control the design of the Mainstays candle sold to Plaintiff.

82. At the time the candle was sold to Plaintiff, it was in a defective condition that was unreasonably dangerous when put to reasonably anticipated use.

83. Plaintiff used the candle in a manner reasonably anticipated by placing it on a non-flammable, level surface away from any flammable materials and lighting the wick.

84. Defendants sold Mainstays candles to other Class Members that were in a similarly defective condition and unreasonably dangerous when put to reasonably anticipated use.

85. The candles were defectively designed in the following respects:

(a)     Failure to specify adequate heat strength of the candle's glass container, including but not limited to appropriate scratch test and temper specifications;

(b)     Failure to design the candle's glass container with adequately thick glass in a shape proportionately appropriate to the burn rate of the wick with the wax and additives used in the candle, such that the candle would not be prone to excessive pooling, tunneling, or other conditions likely to overheat the wax;

(c)     Failure to specify wick characteristics (*e.g.*, wick material, diameter, shape, stiffness, fire resistance, pretreatments) that were safe to use with the candle container and the wax formulation and additives (*e.g.*, fragrance, colorant, dye, pigment, Vybar, triple pressed stearic acid, palm stearic, UV absorbers, petrolatum) used in the candle;

(d)     Failure to specify a formula for wax and additives which, when combined in the finished candle, demonstrated oil content, flash

point, melting point, and ignition point that were safe for the combination of the candle's container and wick.

(e) Failure to design to limit the flame height to three inches or less;

(f) Failure to design to meet industry standards for end of useful life of the candle;

(g) Failure to adequately test the candle's design for safety and adherence to industry standards;

(h) Failure to write instructions to accompany the candle which would inform consumers how to safely extinguish a candle that began burning out of control, burning with flames more than three inches high, or when the candle flashed over (the wax itself started burning); and

(i) Any other design defects discovered in the course of this litigation.

86. The candles were defectively manufactured in the following respects:

(a) Failure to adhere to the design specifications for the candle's glass container;

(b) Use of glass of excessively flawed or inconsistent quality;

(c) Use of inadequately tempered glass;

(d) Failure to conduct scratch tests of the glass container and failure to test its temper;

(e) Failure to use the appropriate wick for the candle container and the combination of wax and additives (*e.g.*, fragrance, colorant, dye,

pigment, Vybar, triple pressed stearic acid, palm stearic, UV absorbers, petrolatum) used in the candle;

(f) Failure to treat the wick with additives to ensure that it was sufficiently flame retardant for use in the candle;

(g) Failure to use wax and additives which, when combined in the finished candle, demonstrated oil content, flash point, melting point, and ignition point that were safe for the combination of the candle's container and wick;

(h) Failure to test the oil content, flash point, melting point, and ignition point of the finished candle;

(i) Failure to test the candle's flame height to ensure that it did not exceed three inches;

(j) Failure to adequately test the candle for safety and adherence to industry standards;

(k) Failure to conduct quality control testing for consistency (*e.g.*, minimal variability) of the candle quality with respect to safety characteristics;

(l) Inclusion of foreign materials in the candle wax;

(m) Failure to provide instructions with the candle about how to safely extinguish a candle that began burning out of control, burning with flames more than three inches high, or when the candle flashed over (the wax itself started burning); and

(n)　　Any other manufacturing defects discovered in the course of this litigation.

87.　　The incident described in Paragraphs 27 through 33 of this First Amended Class Action Complaint was caused by the defective Mainstays candle Defendants sold to Plaintiff.

88.　　Other Members of Subclass II and Subclass III experienced similar incidents to Plaintiff's experience, as described in Paragraphs 27 through 33 of this First Amended Class Action Complaint, when defective Mainstays candles sold by Defendants were put to reasonably anticipated use.

89.　　As a direct and proximate result of the design defects and manufacturing defects herein described, Plaintiff was injured and damaged as set forth in Paragraph 33 of this First Amended Class Action Complaint.

90.　　As a direct and proximate result of the design defects and manufacturing defects herein described, all members of Subclass I were damaged in the amount they paid for the candle they purchased from Defendants.

91.　　As a direct and proximate result of the design defects and manufacturing defects herein described, all members of Subclass II were damaged in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to the property damage.

92.　　As a direct and proximate result of the design defects and manufacturing defects herein described, all members of Subclass III sustained a personal injury and suffered damages in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the

compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

93.     Defendants acted outrageously, recklessly and with willful disregard for the rights of others, and in a manner warranting punitive damages to punish their conduct and to deter similar future conduct by Defendants or others.  Punitive damage are warranted by Defendants' willful disregard for the life-threatening consequences of selling candles that Defendants had reason to know were not safely designed and manufactured, and because Defendants continued to sell defective Mainstays candles even after receiving notice that they were unsafe, flashing over, starting fires, and exploding.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count III of this First Amended Class Action Complaint against Defendants for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendants and effectively discourage similar future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

**COUNT IV - STRICT LIABILITY – FAILURE TO WARN**

94.     Plaintiff incorporates the above and foregoing paragraphs in her First Amended Class Action Complaint by reference as though fully set forth herein.

95.     Defendants sold the Mainstays candles that are the subject of this First Amended Class Action Complaint in the course of their business.

96.     At the time the candles were sold to Plaintiff and the other Class Members, they were unreasonably dangerous when put to reasonably anticipated use without the user's knowledge of all the candle's dangerous characteristics.

97.     Defendants did not provide Plaintiff and other Class Members adequate warning about the dangers from using the candle.

98.     The incident described in Paragraphs 27 through 33 of this First Amended Class Action Complaint occurred when Plaintiff used the candle in a manner reasonably anticipated by placing it on a non-flammable, level surface away from any flammable materials and lighting the wick.

99.     Other members of Subclass II and Subclass III experienced incidents similar to Plaintiff's, as described in Paragraphs 27 through 33 of this First Amended Class Action Complaint, after defective Mainstays candles sold by Defendants were used in a similarly reasonably anticipated manner.

100.    Defendants did not warn Plaintiff and other Class Members of the following:

(a)     That if the flames got high, the candle was unsafe and should be extinguished;

(b)     That the candle wax might get so hot while the candle was lit that all or most of the candle wax would liquify, and that if that happened, the candle was unsafe and should be extinguished;

(c)     That the entire pool of melted wax might catch on fire ("flash over");

(d)     That if the candle flashed over, the temperature would be significantly hotter and pose a greater fire hazard than a properly burning candle; and

(e)     That the glass container might break or explode, propelling broken glass and/or burning or melted wax.

101.    Defendants did not provide any warning or instruction to Plaintiff and other Class Members regarding recognizing when the candle was burning unsafely and how to safely extinguish it under such circumstances.

102.    Defendants had no reason to believe that ordinary consumers, such as Plaintiff and other Class Members, would be aware of the aforementioned risks and dangers.

103.    As a direct and proximate result of Defendants' failure to provide adequate warnings, Plaintiff was injured and damaged as set forth in Paragraph 33 of this First Amended Class Action Complaint.

104.    As a direct and proximate result of Defendants' failure to provide adequate warnings, all members of Subclass I were induced to buy candles that they otherwise would not have chosen to buy, and were damaged in the amount they paid for the candle they purchased from Defendants.

105.    As a direct and proximate result of Defendants' failure to provide adequate warnings, all members of Subclass II were damaged in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to the property damage.

106.    As a direct and proximate result of Defendants' failure to provide adequate warnings, all members of Subclass III sustained a personal injury and suffered damages in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

107.    Defendants acted outrageously, recklessly and with willful disregard for the rights of others, and in a manner warranting punitive damages to punish Defendants' conduct and to deter similar future conduct by Defendants or others.

108.    Punitive damages are warranted because Defendants were aware of life-threatening risks that ordinary consumers would not have knowledge of, but nevertheless chose not to provide warnings.

109.    Punitive damages are warranted because Defendants continued to sell candles without adequate warning even after receiving notice dangerous incidents were occurring that might be prevented by adequate warnings, and after receiving notice that consumers did not know how to extinguish the candles after they flashed over or exploded.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count IV of this First Amended Class Action Complaint against Defendants for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendants and effectively discourage similar future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

**COUNT V – VIOLATIONS OF THE MISSOURI MERCHANDISING PRACTICES ACT**

110.    Plaintiff incorporates the above and foregoing paragraphs in her First Amended Class Action Complaint by reference as though fully set forth herein.

111.    Plaintiff and other Class Members purchased the candles that are the subject of this First Amended Class Action Complaint from Defendants for personal and household purposes.

112.    Plaintiff and other Class Members are "person[s]" for purposes of the Missouri Merchandising Practices Act ("MMPA"), § 407.010, RSMo.

113.    Defendants' Mainstays candles meet the definition of "merchandise" for purposes of the MMPA, § 407.010, RSMo.

114.    Defendants' sale of their Mainstays candles is a "sale" within the meaning of the MMPA, § 407.010, RSMo.

115.    Defendants engaged in "trade" or "commerce" within the meaning of the MMPA, § 407.010, RSMo.

116.    Defendants engaged in deceptive and unfair practices prohibited by the MMPA, § 407.010 through § 407.943, RSMo., including, but not limited to:

    (a)    Selling candles with defects as described above, which were known or reasonably should have been known by Defendants without disclosing the defects to Plaintiff and other consumers;

    (b)    Failing to notify customers or recall candles like the one sold to Plaintiff after Defendants were made aware of other incidents during which the candles started fires, exploded, burned out of control, flashed over, or otherwise caused injury or property damage; and

    (c)    Failing to warn Plaintiff and other Class Members of dangers and risks as described above, when Defendants had no reason to believe that ordinary consumers would be aware of the risks and dangers.

117.    The incident that is the subject of this First Amended Class Action Complaint, described in Paragraphs 27 through 33 herein, was caused by the defects Defendants failed to disclose as identified above.

118.    As a result of Defendants' deceptive and unfair practices, Plaintiff suffered an ascertainable loss as described in Paragraph 33 of this First Amended Class Action Complaint.

119.     As a result of Defendants' deceptive and unfair practices, Plaintiff suffered additional damages as described in Paragraph 33 of this First Amended Class Action Complaint.

120.     As a direct and proximate result of Defendants' deceptive and unfair practices, all members of Subclass I were induced to buy candles that they otherwise would not have chosen to buy, and suffered ascertainable losses in the amount they paid for the candles they purchased from Defendants.

121.     As a direct and proximate result of Defendants' deceptive and unfair practices, all members of Subclass II suffered ascertainable losses in the amount equal to the value or diminution in value of their damaged property and the value of their lost time and disruption of daily activities while responding to the property damage.

122.     As a direct and proximate result of Defendants' deceptive and unfair practices, all members of Subclass III sustained a personal injury and suffered ascertainable losses in the amount necessary to fairly compensate for medical bills and expenses incurred as a result of the injury, the value of lost income, the value of lost time and disrupted daily activities, the compensatory value of any resultant physical disability or disfigurement, and/or emotional distress.

123.     Defendants' conduct as set forth herein was wanton, willful, outrageous, and performed with reckless disregard for the rights and interests of Plaintiff and other Class Members.

124.     Defendants' conduct warrants punitive damages in an amount that will punish Defendants and deter similar conduct in the future by Defendants and others.

125.     Plaintiff has incurred attorney fees and costs eligible to be awarded as provided under § 407.025, RSMo.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count V of this First Amended Class Action Complaint

against Defendants for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendants and effectively discourage similar future conduct, for attorney fees authorized by § 407.025, RSMo., for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

## COUNT VI - UNJUST ENRICHMENT

126.    Plaintiff incorporates the above and foregoing paragraphs in her First Amended Class Action Complaint by reference as though fully set forth herein.

127.    When Defendants manufactured, named, labeled, marketed, advertised, distributed, and sold Plaintiff and other Class Members the Mainstays candles, Defendants knew the products were negligently and improperly manufactured and sold as described in paragraphs 85 and 86 above.

128.    As a result, Plaintiff and other Class Members:  (a) paid a sum of money for a product that was not as represented; (b) received a lesser product than labeled, advertised and marketed; (c) were deprived of the benefit of the bargain because the products were different than what Defendants represented; (d) were deprived of the benefit of the bargain because the products had less value than what was represented; (e) did not receive products that measured up to their expectations as created by Defendants; (f) did not receive a product that was suitable for use as a candle for home or indoor use; and (g) suffered damage as a result of purchase and use of the products.

129.    As a result of Defendants' deceptive, negligent and misleading labeling, advertising, marketing, manufacturing and sales of the Mainstays candles, Plaintiff and other Class Members purchased Defendants' products and conferred a benefit upon Defendants by purchasing

products that were not as advertised and were not suitable for use as candles for home and indoor use, which benefit Defendants appreciated and accepted.

130.    Those benefits were obtained by Defendants under false pretenses because of Defendants' concealments, misrepresentations, and other deceptive, misleading, and unfair conduct relating to the products.

131.    Defendants were enriched at the expense of Plaintiff and other Class Members through the payment of the purchase price for Defendants' Mainstays candles.

132.    As a direct and proximate result of Defendants' wrongful conduct and unjust enrichment, Plaintiff and other Class Members have suffered damages in an amount to be determined at trial.

133.    Under the circumstances, it would be against equity and good conscience to permit Defendants to retain the ill-gotten benefits that they received from Plaintiff and other Class Members, in light of the fact that the Mainstays candles purchased by Plaintiff and other Class Members were not what Defendants represented them to be.  Thus, it would be inequitable or unjust for Defendants to retain the benefit without restitution to Plaintiff and the other Members of the Class for the monies paid to Defendants for the Mainstays candles.

134.    By reason of the foregoing, Defendants should be required to account for and disgorge all monies, profits, and gains which they have obtained at the expense of Plaintiff and other Class Members.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count VI of this First Amended Class Action Complaint against Defendants for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendants and effectively discourage similar

future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

### COUNT VII – VIOLATION OF CONSUMER PROTECTION STATUTES

135.    Plaintiff incorporates the above and foregoing paragraphs in her First Amended Class Action Complaint by reference as though fully set forth herein.

136.    This count is brought pursuant to the respective consumer protection statutes of Alaska, Arizona, California, Connecticut, Florida, Hawaii, Idaho, Illinois, Indiana, Kansas, Kentucky, Maine, Massachusetts, Michigan, Minnesota, Nebraska, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Rhode Island, South Dakota, Texas, Vermont, Washington, West Virginia, Wisconsin, and Wyoming.

137.    Defendants sold the defective and dangerous Mainstays candles throughout the United States during the Class Period.

138.    In selling their Mainstays candles and by virtue of the conduct set forth above, Defendants have used deception, fraud, false pretense, misrepresentation or the concealment, suppression or omission of material facts, either expressly or by implication.

139.    Defendants intentionally and knowingly used deception, false pretense, false promise, misrepresentation and/or concealment of material facts regarding the Mainstays candles with intent to mislead Plaintiff and other Class Members.

140.    At all times material hereto, it was reasonably foreseeable that Plaintiff and others similarly situated would rely on the false and deceptive statements and conduct of Defendants. Said reliance has caused Plaintiff and other Class Members who are similarly situated, to be damaged.

141.     Defendants' conduct alleged herein violated the Alaska Unfair Trade Practices and Consumer Protection Act, AS § 45.50.471 et seq., and any related administrative regulations.

142.     Defendants' conduct alleged herein violated the Arizona Consumer Fraud Act, A.R.S. §§ 44-1522 et seq.

143.     Defendants' conduct alleged herein violated the California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1770 et seq., the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., and/or the California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500.1 et seq.

144.     Defendants' conduct alleged herein violated the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. Ann. §§ 42-110(a) et seq.

145.     Defendants' conduct alleged herein violated the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 et seq. and/or the Florida Misleading Advertising statute, Fla. Stat. § 817.41 et seq.

146.     Defendants' conduct alleged herein violated the Hawaii Unfair Practices and Unfair Competition Act, HRS § 480-1 et seq.

147.     Defendants' conduct alleged herein violated the Idaho Consumer Protection Act, I.C. §§ 48-601 et seq.

148.     Defendants' conduct alleged herein violated the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1 et seq.

149.     Defendants' conduct alleged herein violated the Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-1 et seq.

150.     Defendants' conduct alleged herein violated the Kansas Consumer Protection Act, Kan. Stat. Ann. §§ 50-634 et seq.

151.     Defendants' conduct alleged herein violated the Kentucky Consumer Protection Act, K.R.S. §§ 367.110 et seq.

152.     Defendants' conduct alleged herein violated the Maine Unfair Trade Practices Act, 5 M.R.S.A. §§ 205-A et seq., the Uniform Deceptive Trade Practices Act, 10 M.R.S.A. §§ 1211 et seq.

153.     Defendants' conduct alleged herein violated the Massachusetts Regulation of Business Practice and Consumer Protection Act, Mass. Gen. L. Ch. 93A, §§ 9 et seq.

154.     Defendants' conduct alleged herein violated the Michigan Consumer Protection Act, M.C.L. §§ 445.901 et seq.

155.     Defendants' conduct alleged herein violated the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. §§ 325D.44 et seq.

156.     Defendants' conduct alleged herein violated the Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-1601 et seq., the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §§ 87-301 et seq.

157.     Defendants' conduct alleged herein violated New Hampshire's Regulation of Business Practices for Consumer Protection, N.H. Rev. Stat. § 358-A:l et seq.

158.     Defendants' conduct alleged herein violated the New Mexico Unfair Trade Practices Act, N.M. Stat. § 57-12-1 et seq.

159.     Defendants' conduct alleged herein violated New York General Business Law §§ 349 and 350.

160.     Defendants' conduct alleged herein violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. §§ 75-1.1 et seq

161.    Defendants' conduct alleged herein violated the North Dakota Unfair Trade Practices Law, N.D. Cent. Code §§ 51-10-01 et seq., and any related administrative regulations.

162.    Defendants' conduct alleged herein violated the Ohio Consumer Sales Practices Act, ORC § 1345.01 et seq.

163.    Defendants' conduct alleged herein violated the Oklahoma Consumer Protection Act, OK ST T. 15 § 751 et seq.

164.    Defendants' conduct alleged herein violated the Oregon Unlawful Trade Practices Act, OR ST 646.605 et seq.

165.    Defendants' conduct alleged herein violated the Pennsylvania Unfair Trade Practices and Consumer Fraud Law, 73 Pa. Stat. Ann. §§ 201-1 et seq.

166.    Defendants' conduct alleged herein violated the Rhode Island Unfair Trade Practices and Consumer Protection Act, R.I.G.L. §§ 6-13.1-1 et seq.

167.    Defendants' conduct alleged herein violated the South Dakota Deceptive Trade Practices and Consumer Protection Act, S.D. Codified Laws §§ 37-24-1 et seq.

168.    Defendants' conduct alleged herein violated the Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code §§17.41 et. seq.

169.    Defendants' conduct alleged herein violated the Vermont Consumer Fraud Act, 9 V.S.A. §§2451 et seq.

170.    Defendants' conduct alleged herein violated the Washington Consumer Protection Act, RCW 19.86.010 et seq.

171.    Defendants' conduct alleged herein violated the West Virginia Consumer Credit and Protection Act, W. Va. Code § 46A-6-101 et seq.

172.     Defendants' conduct alleged herein violated the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18(1) et seq.

173.     Defendants' conduct alleged herein violated the Wyoming Consumer Protection Law, W.S. §§ 40-12-101 et seq.

174.     As a direct and proximate result of Defendants' violations, Plaintiff and other Class Members have been injured in an amount to be established at trial.

175.     As a further result of Defendants' violations, Plaintiff and Class Members are entitled to an order enjoining such future conduct and such other orders and judgments which may be necessary to disgorge Defendants' ill-gotten gains and to restore Plaintiff and Class Members any money paid for the candles.

176.     The actions of Defendants were done willfully, intentionally and with reckless disregard for harm that would be caused to Plaintiff and other Class Members who are similarly situated, and Defendants' conduct warrants imposition of exemplary damages to deter Defendants, and others in similar circumstances, from committing such actions in the future.

177.     Plaintiff has standing to pursue these claims as she has suffered actual economic damage as a proximate result of Defendants' actions as set forth herein.

178.     An award of punitive damages is also appropriate.

WHEREFORE, for the above and foregoing reasons, Plaintiff prays for judgment for herself and other Class Members under Count VII of this First Amended Class Action Complaint against Defendants for compensatory damages in an amount to be determined by a jury, for punitive damages in an amount sufficient to punish Defendants and effectively discourage similar future conduct, for Plaintiff's costs herein incurred, for pre- and post- judgment interest, and for all other relief this Court determines to be just and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial for all issues so triable.


          Respectfully submitted,

          WHITE GRAHAM BUCKLEY
          & CARR, LLC


By: _____/s/ Bryan T. White_____
    Gene P. Graham, Jr., MO #34950
    William L. Carr, MO#40091
    Bryan T. White, MO #58805
    19049 E. Valley View Pkwy, Ste. 200
    Independence, MO 64055
    Telephone: 816-373-9080
    Facsimile: 816-373-9319
    ggraham@wagblaw.com
    bcarr@wagblaw.com
    bwhite@wagblaw.com

    WADDELL LAW FIRM, LLC
    A. Scott Waddell, MO#53900
    2600 Grand, Suite 580
    Kansas City, Missouri 64108
    scott@aswlawfirm.com
    Telephone: 816-914-5365
    Facsimile: 816-817-8500

    PLAYTER & PLAYTER, LLC
    Eric S. Playter, MO #58975
    Chris R. Playter, MO #65109
    400 SW Longview Boulevard, Suite 220
    Lee's Summit, MO 64081
    eric@playter.com
    chris@playter.com
    Telephone: (816) 666-8902
    Facsimile: (816) 666-8903

    MCINNES LAW LLC
    Jack D. McInnes, MO #56904
    Benjamin Ashworth, MO #67933
    Rob Wasserman, MO #69418

1900 W. 75th Street, Suite 220
Prairie Village, Kansas 66208
jack@mcinnes-law.com
ben@mcinnes-law.com
rob@mcinnes-law.com
Telephone: 913-220-2488
Facsimile: 913-273-1671


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document was filed electronically with the United States District Court for the Western District of Missouri, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all designated persons this 3rd day of November, 2020.


_____/s/ Bryan T. White_____